# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

In re *Chris Y. Yoo*

Case No. *04-12440*
Chapter *13*

_____ / Debtor

Attorney for Debtor: **Darrel B. Carter**

## COVER SHEET FOR LIST OF CREDITORS

I hereby certify under penalty of perjury that the attached list of creditors, which consists of _____**4**_____ pages,

is true, correct and complete to the best of my knowledge.

Date: *2/25/2004*

*/s/ Chris Y. Yoo*
Debtor

*/s/ Darrel B. Carter*
*Darrel B. Carter*
*Attorney for the debtor(s)*
*800 Bellevue Way NE Suite 400*
*Bellevue, WA  98004*

Ace Cash Express
1231 Greenway Dr. Ste 600
Irving, TX  75038-9904


Advance America Cash Advance
228 Washington Ave S
Kent, WA  98032


Advance til Payday
1222 Bronson N #110
Renton, WA  98055


Alliance Asset Management
330 Georgetown Square
Ste 104
Woodale, IL  60191


Aman Collection Service, Inc
PO Box 609
Aberdeen, SD  57402-0609


Americredit
PO Box 78143
Phoenix, AZ  85062-8143


Capital One
P.O. Box 85184
Richmond, VA  23285-5184


Capital One
P.O. Box 60000
Seattle, WA  98190-6000


Capital One
P.O. Box 85147
Richmond, VA  23276-0001


Check into Cash
15015 Main St
Bellevue, WA  98007

```
Check n Go
4820 NE 4th St
Renton, WA  98059


Checkmate
Credit Service Department
PO Box 98867
Lakewood, WA  98498-0867


Daniel N Gordon
3390 W 11th Ave, Suite D
PO Box 22338
Eugene, OR  97402


DeVry
One Tower Lane
Suite 1000
Oakbrook Terrace, IL  60181-46


Direct Merchants Bank
Cardholder Services
P.O. Box 60142
City of Industry, CA   91716-0


Emergency Cash
28631 Pacific Hwy South
Federal Way, WA  98003


Fairfield Properties
Verona Apartments, Attn:  Mngr
11200 NE 11th
Bellevue, WA  98004


MCCarthy
Check Masters
PO Box 2034
Lynnwood, WA  98036-2034


Money Tree
PO Box 58363
Seattle, WA  98138
```

National Action Financial Serv
3587 Parkway Lane
Norcross, GA  30092


NCO Financial Systems, Inc.
P.O. Box 41567
Philadelphia, PA  19101


NW Payday Loans
321 Washington Ave S.
Kent, WA  98032


Portland St. University
PO Box 751
Portland, OR  97207


Quick Payday
87 East 1400 North
Logan, UT  84341


Quik Cash
3005 N Sunser Blvd.
Renton, WA  98056


Sung Baek
612 East Cypress Ave. #205
Burbank, CA  91501


Triadvantage
PO Box 1961
Southgate, MI  48195-0961


United States Attorney
601 Union St.
Suite 5100
Seattle, WA  98101


US Treasury / IRS
Special Procedures Department
915 Second Ave MS 244
Seattle, WA  98174

Viet Duong
12640 NE Rose Pkwy.
Portland, OR  97230


WA State Bankruptcy & Collecti
900 Fourth Avenue, #2000
Seattle , WA  98164

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

In re *Chris Y. Yoo*

Case No. *04-12440*
Chapter *13*

_____ / Debtor

## SUMMARY OF SCHEDULES
### Amended

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's  liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | *Yes* | *1* | $         *0.00* | | |
| B-Personal Property | *Yes* | *3* | $    *32,574.46* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $    *19,400.67* | |
| E-Creditors Holding Unsecured Priority Claims | *Yes* | *1* | | $         *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *5* | | $    *92,850.64* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $     *3,399.72* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $     *2,780.00* |
| Total Number of Sheets in All Schedules ▶ | | *16* | | | |
| Total Assets ▶ | | | $    *32,574.46* | | |
| Total Liabilities ▶ | | | | $   *112,251.31* | |

FORM B6 (6/90) West Group, Rochester, NY

In re _Chris Y. Yoo_ _____ / Debtor   Case No. _04-12440_
<span style="float:right">(if known)</span>

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _2/25/2004_ _____   Signature _/s/ Chris Y. Yoo_ _____
<span style="margin-left:200px">_Chris Y. Yoo_</span>

FORM B6A (6/90) West Group, Rochester, NY

In re <u>*Chris Y. Yoo*</u> / Debtor    Case No.<u>*04-12440*</u>

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *None* | | | | *None* |

No continuation sheets attached

**TOTAL $**    *0.00*
**(Report also on Summary of Schedules.)**

FORM B6B (10/89) West Group, Rochester, NY

In re _Chris Y. Yoo_ / Debtor    Case No. _04-12440_
(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.
Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash<br>Location: In debtor's possession | | $ 126.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank Account<br>US Bank Checking<br>Location: In debtor's possession | | $ 0.00 |
| | | Bank Account<br>Charles Schwab Access Account<br>Location: In debtor's possession | | $ 36.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit<br>apartment<br>Location: In debtor's possession | | $ 1,300.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods<br>Location: In debtor's possession | | $ 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing<br>Location: In debtor's possession | | $ 200.00 |
| 7. Furs and jewelry. | | Jewelry<br>Location: In debtor's possession | | $ 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

Page _1_ of _3_

Case 04-12440-KAO   Doc 9   Filed 03/10/04   Ent. 03/10/04 16:09:44   Pg. 9 of 29

In re _Chris Y. Yoo_ _____ / Debtor     Case No. _04-12440_

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | _401-K Schwab_ _Location: In debtor's possession_ | | $ 5,679.46 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | _Stock Options_ _Charles Schwab_ _Location: In debtor's possession_ | | $ 33.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _2002 VW Passat_ _Location: In debtor's possession_ | | $ 20,000.00 |

Page __2__ of __3__

In re *Chris Y. Yoo*                                         / Debtor          Case No. *04-12440*

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__

Total ➤  $ 32,574.46

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re

_Chris Y. Yoo_ _____ / Debtor     Case No. _04-12440_

                                                                  (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☒ 11 U.S.C. § 522(b) (1):   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b) (2):   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Cash_ | _11 U.S.C. § 522(d)(5)_ | _$ 126.00_ | _$ 126.00_ |
| _Bank Account_ | _11 U.S.C. § 522(d)(5)_ | _$ 0.00_ | _$ 0.00_ |
| _Bank Account_ | _11 U.S.C. § 522(d)(5)_ | _$ 36.00_ | _$ 36.00_ |
| _Security Deposit_ | _11 USC 522(d)(5)_ | _$ 1,300.00_ | _$ 1,300.00_ |
| _Household Goods_ | _11 USC 522(d)(3)_ | _$ 5,000.00_ | _$ 5,000.00_ |
| _Clothing_ | _11 USC 522(d)(3)_ | _$ 200.00_ | _$ 200.00_ |
| _Jewelry_ | _11 USC 522(d)(4)_ | _$ 200.00_ | _$ 200.00_ |
| _401-K_ | _11 USC 522(d)(10)(E)_ | _$ 5,679.46_ | _$ 5,679.46_ |
| _Stock Options_ | _11 U.S.C. § 522(d)(5)_ | _$ 33.00_ | _$ 33.00_ |
| _2002 VW Passat_ | _11 USC 522(d)(2)_ | _$ 599.33_ | _$ 20,000.00_ |

Page No. _1_ of _1_

FORM B6D (12/03) West Group, Rochester, NY

In re <u>Chris Y. Yoo</u> / Debtor     Case No. <u>04-12440</u>

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No. *6774*  *Creditor # : 1* *Americredit* *PO Box 78143* *Phoenix AZ 85062-8143* | | *2002 VW Passat*  Value: *$ 20,000.00* | | | | $ 19,400.67 | $ 0.00 |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |

No continuation sheets attached

|  |  |  |
|---|---|---|
| **Subtotal $** | *19,400.67* | |
| (Total of this page) | | |
| **Total $** | *19,400.67* | |
| (Use only on last page. Report total also on Summary of Schedules) | | |

In re <u>Chris Y. Yoo</u> / Debtor     Case No. <u>04-12440</u>

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

FORM B6F (12/03) West Group, Rochester, NY

In re  *Chris Y. Yoo* _____ / Debtor    Case No. *04-12440* _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> *Creditor # : 1* <br> *Ace Cash Express* <br> *1231 Greenway Dr. Ste 600* <br> *Irving TX 75038-9904* | | | | | | | $ 340.00 |
| Account No: <br> *Creditor # : 2* <br> *Advance America Cash Advance* <br> *228 Washington Ave S* <br> *Kent WA 98032* | | | | | | | $ 795.00 |
| Account No: <br> *Creditor # : 3* <br> *Advance til Payday* <br> *1222 Bronson N #110* <br> *Renton WA 98055* | | | | | | | $ 575.00 |
| Account No: 6391 <br> *Creditor # : 4* <br> *Capital One* <br> *P.O. Box 60000* <br> *Seattle WA 98190-6000* | | | | | | | $ 1,734.41 |

_4_ continuation sheets attached

Subtotal $    *3,444.41*
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Chris Y. Yoo_____ / Debtor      Case No. _04-12440_____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: _Representing:_ _Capital One_ | | _Triadvantage_ _PO Box 1961_ _Southgate MI 48195-0961_ | | | | | |
| Account No: _Representing:_ _Capital One_ | | _Alliance Asset Management_ _330 Georgetown Square_ _Ste 104_ _Woodale IL 60191_ | | | | | |
| Account No: _6391_ _Creditor # : 5_ _Capital One_ _P.O. Box 85147_ _Richmond VA 23276-0001_ | | | | | | | $ 1,659.73 |
| Account No: _Representing:_ _Capital One_ | | _National Action Financial Serv_ _3587 Parkway Lane_ _Norcross GA 30092_ | | | | | |
| Account No: _Representing:_ _Capital One_ | | _NCO Financial Systems, Inc._ _P.O. Box 41567_ _Philadelphia PA 19101_ | | | | | |
| Account No: _6375_ _Creditor # : 6_ _Capital One_ _P.O. Box 85184_ _Richmond VA 23285-5184_ | | | | | | | $ 1,622.11 |

Sheet No. _1_ of _4_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     _3,281.84_
(Total of this page)
Total $
(Report total also on Summary of Schedules)

In re _Chris Y. Yoo_____ / Debtor     Case No. _04-12440_____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br><br>*Representing:*<br>*Capital One* | | *Daniel N Gordon*<br>*3390 W 11th Ave, Suite D*<br>*PO Box 22338*<br>*Eugene OR 97402* | | | | |
| Account No:<br><br>*Creditor # : 7*<br>*Check into Cash*<br>*15015 Main St*<br>*Bellevue WA 98007* | | | | | | $ 575.00 |
| Account No: *1196*<br><br>*Creditor # : 8*<br>*Check n Go*<br>*4820 NE 4th St*<br>*Renton WA 98059* | | | | | | $ 460.00 |
| Account No: *1195*<br><br>*Creditor # : 9*<br>*Checkmate*<br>*Credit Service Department*<br>*PO Box 98867*<br>*Lakewood WA 98498-0867* | | | | | | $ 820.00 |
| Account No: *6665*<br><br>*Creditor # : 10*<br>*DeVry*<br>*One Tower Lane*<br>*Suite 1000*<br>*Oakbrook Terrace IL 60181-4624* | | *Tuition* | | | | $ 1,184.47 |
| Account No: *7342*<br><br>*Creditor # : 11*<br>*Direct Merchants Bank*<br>*Cardholder Services*<br>*P.O. Box 60142*<br>*City of Industry CA 91716-0142* | | | | | | $ 2,122.20 |

Sheet No. _2_ of _4_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     5,161.67
(Total of this page)
Total $
(Report total also on Summary of Schedules)

In re _Chris Y. Yoo_____ / Debtor     Case No. _04-12440_____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| **Account No:** | | H--Husband W--Wife J--Joint C--Community | | | | $ 575.00 |
| *Creditor # : 12* *Emergency Cash* *28631 Pacific Hwy South* *Federal Way WA 98003* | | | | | | |
| **Account No:** *1186* | | | | | | $ 600.00 |
| *Creditor # : 13* *MCCarthy* *Check Masters* *PO Box 2034* *Lynnwood WA 98036-2034* | | | | | | |
| **Account No:** *3815* | | | | | | $ 795.00 |
| *Creditor # : 14* *Money Tree* *PO Box 58363* *Seattle WA 98138* | | | | | | |
| **Account No:** | | | | | | $ 460.00 |
| *Creditor # : 15* *NW Payday Loans* *321 Washington Ave S.* *Kent WA 98032* | | | | | | |
| **Account No:** *4138* | | | | | | $ 1,477.72 |
| *Creditor # : 16* *Portland St. University* *PO Box 751* *Portland OR 97207* | | | | | | |
| **Account No:** | | | | | | |
| *Representing:* *Portland St. University* | | *Aman Collection Service, Inc* *PO Box 609* *Aberdeen SD 57402-0609* | | | | |

Sheet No. **3** of **4** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**     3,907.72
(Total of this page)
**Total $**
(Report total also on Summary of Schedules)

In re  _Chris Y. Yoo_ _____ / Debtor     Case No. _04-12440_ _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: | | | | | | | $ 480.00 |
| Creditor # : 17 Quick Payday 87 East 1400 North Logan UT 84341 | | | | | | | |
| Account No: | | | | | | | $ 575.00 |
| Creditor # : 18 Quik Cash 3005 N Sunser Blvd. Renton WA 98056 | | | | | | | |
| Account No: | | | | | | | $ 70,000.00 |
| Creditor # : 19 Sung Baek 612 East Cypress Ave. #205 Burbank CA 91501 | | Loan | | | | | |
| Account No: | | | | | | | $ 6,000.00 |
| Creditor # : 20 Viet Duong 12640 NE Rose Pkwy. Portland OR 97230 | | Loan | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.  _4_ of  _4_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**  77,055.00
(Total of this page)

**Total $**  92,850.64
(Report total also on Summary of Schedules)

In re _Chris Y. Yoo_ _____ / Debtor          Case No. _04-12440_

                                                              (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _Fairfield Properties_<br>_Verona Apartments, Attn:  Mngr_<br>_11200 NE 11th_<br>_Bellevue WA  98004_ | Contract Type:_Residential lease_<br>Terms: _12 months - $1325.00 per month_<br>Beginning date:_8/1/2003_<br>Debtor's Interest:_Lessee_<br>Description:_Apartment lease_<br><br>Buyout Option:_none_ |

In re _Chris Y. Yoo_ _____ / Debtor    Case No. _04-12440_ _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

Page <u>1</u> of <u>1</u>

In re **Chris Y. Yoo** _____ / Debtor    Case No. **04-12440**

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Status: **Married** | RELATIONSHIP | AGE |
| | **Son** | **3 mos.** |
| | **wife** | **?** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Investment Specialist** | |
| Name of Employer | **Charles Schwab** | |
| How Long Employed | **2.5 yrs** | |
| Address of Employer | **11100 NE 8th St. Ste 250** | |
| | **Bellevue WA  98004** | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 4,068.84 | $ 0.00 |
| Estimated Monthly Overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 4,068.84 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ 399.82 | $ 0.00 |
| b. Insurance | $ 143.80 | $ 0.00 |
| c. Union Dues | $ 0.00 | $ 0.00 |
| d. Other (Specify): **Life** | $ 0.00 | $ 0.00 |
| | $ 3.84 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 547.46 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 3,521.38 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from Real Property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social Security or other government assistance | | |
| Specify: | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income | | |
| Specify: | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 3,521.38 | $ 0.00 |
| TOTAL COMBINED MONTHLY INCOME     $ 3,521.38 | | |
| (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re _Chris Y. Yoo_ / Debtor     Case No. _04-12440_

(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 1,325.00 |
| Are real estate taxes included?   Yes ☐  No ☒ | |
| Is property insurance included?   Yes ☐  No ☒ | |
| Utilities: Electricity and heating fuel | $ 70.00 |
|         Water and sewer | $ 35.00 |
|         Telephone | $ 50.00 |
|         Other   _Garbage_ | $ 10.00 |
|         Other   _Cable_ | $ 50.00 |
| Home maintenance (Repairs and upkeep) | $ 0.00 |
| Food | $ 400.00 |
| Clothing | $ 150.00 |
| Laundry and dry cleaning | $ 75.00 |
| Medical and dental expenses | $ 70.00 |
| Transportation (not including car payments) | $ 225.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 75.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|         Homeowner's or renter's | $ 0.00 |
|         Life | $ 5.00 |
|         Health | $ 0.00 |
|         Auto | $ 140.00 |
|         Other | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
|         Specify: | $ 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|         Auto | $ 0.00 |
|         Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other:  _Misc._ | $ 100.00 |
| TOTAL MONTHLY EXPENSES   (Report also on Summary of Schedules) | $ 2,780.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly Income | $ 3,399.72 |
| B. Total projected monthly expenses | $ 2,780.00 |
| C. Excess Income (A minus B) | $ 619.72 |
| D. Total amount to be paid into plan each:   _Monthly_ | $ 618.00 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

In re *Chris Y. Yoo*

Case No. *04-12440*
Chapter  *13*

_____/ Debtor

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *Year to date: $8,137.68* | *Debtor's employment* |
| *Last Year: 2003 – $60,934.76* | |
| *Year before: 2002 – $65,965.00* | |

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**3. Payments to creditors.**

    a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

☒ NONE

    b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

☒ NONE

---

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Schwabe, Williamson & Wyatt v. Yoo 02-2-26011-4SEA* | *Unpaid Legal Fees* | *King County Superior Court* | *Satisfaction of Judgement* |

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name:Schwabe, Williamson & Wyatt Address:* | *4/30/2003* | *Description: Garnishment of wages for payment of judgment Value:$6,734.03* |

**5. Repossessions, foreclosures and returns.**

    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

☒ NONE

---

**6. Assignments and receiverships.**

    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not  filed.)

☒ NONE

    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

☒ NONE

---

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

☒ NONE

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

## 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 13. Setoffs.

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 14. Property held for another person.

List all property owned by another person that the debtor holds or controls.

☒ NONE

### 15. Prior address of debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address  of either spouse.

DATES OF

| ADDRESS | NAME USED | OCCUPANCY |
|---------|-----------|-----------|
| *Debtor:* | *Name(s):* | *9/01 –* |
| *Address:11200 NE 12th St #B212* | | *8/03* |
| *Bellevue, WA* | | |
| *98004* | | |

### 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

*Name: Jieun Yoo*

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under and Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencment of this case.

☒ NONE

---

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

---

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _2/25/2004_     Signature _/s/ Chris Y. Yoo_
                                     _Chris Y. Yoo_

Date _____     Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

In re  **Chris Y. Yoo**

Case No. *04-12440*
Chapter *13*

_____ / Debtor

Attorney for Debtor:  **Darrel B. Carter**

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____*1,800.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____*900.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $_____*900.00*

3.  $ _____*194.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
        *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
        *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
        *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
        *None*

Dated: *2/25/2004*                Respectfully submitted,

X */s/ Darrel B. Carter*
_____
Attorney for Petitioner: *Darrel B. Carter*
                         *CBG Law Group, PLLC*
                         *800 Bellevue Way NE Suite 400*
                         *Bellevue WA 98004*